SHARED COMMUNICATIONS SER-
VICES, INC., Plaintiff–Counter–
Defendant–Appellant,

v.

GOLDENBERG ROSENTHAL, LLP,
and David Gruber, Defendants–
Counterclaimants–Appellees.

No. 05–0849–CV.

United States Court of Appeals,
Second Circuit.

Nov. 30, 2005.

Donald N. David, Cozen & O'Connor, New York, N.Y., for Plaintiff–Counter–Defendant–Appellant.

Peter J. Larkin, Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains, N.Y., for Defendants–Counterclaimants–Appellees.

Present: MINER, KATZMANN, and WESLEY, Circuit Judges.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this case is **AFFIRMED.**

We assume the parties' familiarity with the facts and procedural history of this case. By way of brief background: Plaintiff–Counter–Defendant–Appellant Shared Communications Services, Inc. ("SCS") is a telecommunications firm that, for a period beginning in 1995 and ending in 2001, retained defendant-counterclaimant-appellee Goldenberg Rosenthal, LLP ("GR") as its accountant. SCS filed this suit asserting a number of claims in connection with the accounting services rendered to it by GR. Following a bench trial, the district court granted judgment in SCS's favor on: (1) its cause of action for conversion as against GR and David Gruber, a partner at GR; (2) its cause of action for replevin as against GR; and (3) its cause of action for negligence as against GR. *See Shared Communications Services, Inc. v. Goldenberg Rosenthal LLP*, No. 01 Civ. 9702, 2004 WL 2609546, at * 17 (S.D.N.Y. Nov. 16, 2004). The district court also granted judgment in GR's favor on GR's counter-

claim against SCS for breach of contract. *Id.* The district court declined to impose liability on GR in connection with a number of SCS's other claims, including its claim for billing fraud.

SCS here appeals from the district court's decision not to impose liability on GR in connection with SCS's claim for billing fraud. SCS makes two principal arguments on appeal: First, SCS contends that the district court should have imposed upon GR the burden of proving that its bills to SCS were reasonable, rather than imposing upon SCS the burden of proving that GR fraudulently over-billed SCS. Second, SCS asserts that even if the district court properly assigned the relevant burdens of proof, SCS still carried its burden of establishing that GR committed fraud. Having carefully reviewed the district court's legal conclusions de novo and having reviewed the district court's findings of fact for clear error, *see, e.g., Oscar Gruss & Son, Inc. v. Hollander,* 337 F.3d 186, 193 (2d Cir.2003), we reject both of SCS's arguments and affirm the judgment of the district court.

As to SCS's first argument, Pennsylvania law[1] makes plain that to "recover on a claim of fraud, the *plaintiff* must prove by clear and convincing evidence six elements: (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance." *See, e.g., Viguers v. Philip Morris USA, Inc.,* 837 A.2d 534, 540 (Pa.Super.Ct.2003) (emphasis added) (citation omitted). The district court properly declined to impose upon GR the burden of proving that its bills to SCS were reasonable because doing so would have effective-ly shifted to GR the burden of disproving SCS's fraud claim. SCS has not cited any authority that persuades us that such burden-shifting is appropriate—let alone required—under Pennsylvania law.

As to SCS's second argument, we agree with the district court that SCS has failed to carry its burden of proving that GR's billing practices—"as sloppy and opaque as they were"—actually rose to the level of fraud. *Shared Communications Services, Inc.,* 2004 WL 2609546, at * 15.

We have considered all of SCS's other arguments and conclude that they are lacking in merit. Accordingly, the judgment of the district court is hereby **AF-FIRMED.**

---

**1.** The parties are in agreement that Pennsyl-vania law governs the fraud claim.